UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SYNERGETICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV1632 CDP |
| | ) |
| PEREGRINE SURGICAL, LTD., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before me on plaintiff Synergetics, Inc.'s motion to take discovery under to Fed. R. Civ. P. 56(f). Defendant Peregrine Surgical, Ltd. has moved for summary judgment asserting that it is entitled to judgment as a matter of law on patent infringement claims regarding U.S. Patent No. 5,921,998 (the '998 patent). Peregrine argues that its device does not literally infringe this patent and that it cannot infringe under the doctrine of equivalents because of prosecution estoppel. In its brief in response to Synergetics' Rule 56(f) motion, Peregrine raises a second argument: that the patent is invalid because of deliberate misrepresentations to the patent office. Although these arguments are related, they are not the same. Synergetics is entitled to take discovery on the new argument, but not on the arguments raises in the initial motion.

Because additional discovery would be futile with regard to Peregrine's infringement argument, I will order Synergetics to file a response to the motion for summary judgment on that issue by **May 4, 2007**. Synergetics is entitled to discovery on Peregrine's inequitable conduct argument. Peregrine's reference to that doctrine in its reply brief is not supported by a statement of undisputed facts, and the argument, as it has currently been presented, is insufficient to support summary judgment. I will therefore summarily deny as premature and without prejudice the motion as it relates to deliberate misrepresentations to the patent office. Peregrine may file a separate motion for summary judgment raising this defense, but it should do so after Synergetics has had an opportunity to take discovery.

## **Discussion**

Under Fed. R. Civ. P. 56(f), a party may seek an extension of time to respond to a summary judgment motion. In order to be entitled to relief under Rule 56(f), Synergetics must demonstrate specifically how postponement of a ruling on the motion will enable it, by discovery or other means, to rebut Peregrine's showing of the absence of a genuine issue of fact. <u>Willmar Poutry Co. v. Morton-Norwich Prods., Inc.</u>, 520 F.2d 289, 297 (8th Cir. 1975). Where discovery would be futile, I may properly enter summary judgment without

allowing additional discovery.  Id.

Here, Synergetics argues that it needs discovery on Peregrine's device.  According to Peregrine, the only non-PTO factual issue on its file wrapper estoppel or prosecution history estoppel arguments is that its device has a solid tip.  Additional discovery is not necessary for Synergetics to respond to this argument.  Peregrine has submitted testimony regarding the solidness of its device's tip.  Additionally, Synergetics has had Peregrine's device in its possession since September 2006.  It has been aware of Peregrine's non-infringement argument since October 2006.  Further, Synergetics was given computer assisted drawings of Peregrine's device's on February 11, 2007 and has received detailed manufacturing instructions of the device without redactions.  Although Synergetics attempts to raise an issue of material fact by arguing that Peregrine's argument is based on the functionality of the device's tip, the parties are in agreement as to the functionality of the patented device and Peregrine's device.[1]  As a result, I conclude that allowing additional time for discovery would be futile on this issue.

---

[1] Synergetics' brief spends a great deal of time arguing about the functionality of its own product, which has limited, if any, relevance to this issue, and which, in any event, is undisputed.

Still, Synergetics is entitled to discovery on Peregrine's argument that the '998 patent is invalid because of deliberate misrepresentations to the patent office. No undisputed facts have been presented as to this argument, and Synergetics is entitled to know the basis of this claim. Additionally, Synergetics is entitled to discovery on the issue of intent. Rather than granting Synergetics additional time to respond to something that Peregrine only raised in its reply brief, however, I will simply not consider this argument; it is premature, but can be reraised when the parties have taken any needed discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Synergetics' motion for an extension of time under Rule 56(f) [#26] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Synergetics shall respond to the original arguments raised by Peregrine's motion for summary judgment by **May 4, 2007**, and Peregrine shall file any reply brief by **May 14, 2007**. Synergetics need not respond to any arguments about inequitable conduct before the Patent Office, and I will not consider that issue at this time.

**IT IS FURTHER ORDERED** that the pendency of this motion does not change any of the existing Case Management Deadlines, and I expect the parties

to be moving forward with discovery and pretrial preparation as previously ordered.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2007.